UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| THOMAS J. BLANKENSHIP<br>　　Plaintiff<br><br>v.<br><br>CHARLES BUENGER, BARRY HAND,<br>STEVE MAUK, CLAY McKINNEY,<br>BEN SAAGE, DAVID HENDRICK,<br>BOBBY BAIN, DANNY VOLCIK,<br>EDDIE COKER, LESLIE CASEY,<br>J. "ANDY" HAWKINS, AND<br>CHALK BLUFF WATER SUPPLY CORP.<br>AND PARNELL McNAMARA,<br>SHERIFF OF McLENNAN COUNTY,<br>TEXAS<br>　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO:  W-14-CA-474 |

## DEFENDANT McNAMARA'S MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES PARNELL McNAMARA, SHERIFF OF McLENNAN COUNTY, TEXAS, a Defendant in the above-entitled and numbered cause, and files this his Motion to Dismiss pursuant to Rule 12(b)(1) and, alternatively, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and shows unto the Court as follows:

1. *Respondeat Superior* not Available.

　　1.1　Plaintiff has added Sheriff McNamara as a "necessary party" to assert the unconstitutionality of Section 30.05 of the *Texas Penal Code*.

　　1.2　There are no allegations of direct involvement by the Sheriff.

　　1.3　*Respondeat superior* cannot be the basis of either municipal or supervisory liability in a §1983 case.  This has been held to include claims for injunctive relief.  *See World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753 n.3 (5th Cir. 2009);

1

*David v. Hill*, 401 F.Supp.2d 749,759 (S.D. Tex. 2005) (Supervisor cannot be subjected to injunctive relief on the basis of *respondeat superior*).

    1.4    There are no allegations of a policy or custom of the Sheriff that was the direct cause of the alleged deprivation of constitutional rights.

2.    <u>No Constitutional Dimension</u>.

    2.1    Chalk Bluff Water Supply Corporation is a non-profit corporation subject to the Texas Non-Profit Corporation Act (Chapter 22, *Texas Business Organizations Code*) and the *Texas Water Code*.  It is not a political subdivision, local government or government agency. *See Tarrant County Water Supply Corp. v. Hurst-Euless-Bedford Indep. Sch. Dist.*, 391 S.W.2d 162 (Tex. Civ. App. – Fort Worth 1965, writ ref'd n.r.e.); Tex. Att'y Gen. Op. No. JM-596 (1986); *City of Combs v. Rio Hondo Water Supply Corp.*, 244 F. Supp.2d 778 (S.D. Tex. 2003). If, as appears from the allegations, a water supply corporation receives state funds; it must comply with the Texas Public Information Act and the Texas Open Meetings Act. *See* §§15.006, 16.002 and 17.002 *Texas Water Code*.

    2.3    Plaintiff's assertion is essentially that the Texas criminal trespass statute (§30.05, *Texas Penal Code*) is unconstitutional because it does not provide a means for a law enforcement officer to determine superior rights between owners.  However, the definition of "owner" under the *Texas Penal Code* includes "a person with a greater right of possession than the actor."  *See* §1.07(35), *Texas Penal Code*.  "Possession means actual care, custody, control or management." *See* §1.07(39), *Texas Penal Code*.  "Ownership is not an element of the offense of criminal trespass."  *See Langston v. State*, 855 S.W.2d 718, 721 (Tex. Crim. App. 1993).  The issue is whether the complainant has a greater right of possession than the actor.  *See Arnold v. State*, 867 S.W.2d 378, 379 (Tex. Crim. App. 1993).

2.4    Plaintiff actually pleads that Barry Hand is the "manager of CBWSC." *See* Complaint at p. 2.  Thus, Plaintiff has pled that Hand had a greater right of control over the facilities of the corporation.[1] Therefore, even assuming that there could be a constitutional issue with the statute not providing "a process" to ascertain competing rights; as applied to Plaintiff's situation the statute provided more than sufficient direction, and, therefore, Plaintiff lacks standing to attack the statute on constitutional grounds. *See County Court of Ulster County v. Allen*, 442 U.S. 140, 154-55 (1979).  Standing is jurisdictional.

2.5    Plaintiff's other argument is that he was denied Due Process by the absence of a process for him to appeal the criminal trespass warning.[2] Initially, there is no <u>constitutionally protected</u> right to attend the meeting of, or be on the premises of a non-profit corporation. The right that Plaintiff asserts would be contractual and/or statutory, and would arise by virtue of his membership in the nonprofit corporation. Beyond this, any such rights of the Plaintiff can be vindicated through a variety of state avenues, including a common law action in equity or for declaratory judgment, an action under the Texas Open Meetings Act (Section 551.142 (a), *Texas Government Code)*, or an action under the Texas Public Information Act (§§552.321, 552.3215, *Texas Government Code*). *See also Citizens Association for Sound Energy v. Boltz*, 886 S.W. 3d 283 (Tex. App.---Amarillo 1994, writ denied) (members held to have right to examine nonprofit corporation's records under the Nonprofit Corporation Act).[3]

---

[1] In addition, membership generally does not connote "ownership" of any severable assets of a corporation.

[2] It is unclear whether this is an attack on the statute or the procedures of the Board of the Corporation. The statute does not specifically address trespass warnings issued by law enforcement.

[3] Indeed, Plaintiff initially filed an action in state court on such theories; and pleads that he used an administrative complaint process provided by the Texas Attorney General to get records.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff's action be Dismissed.

Respectfully submitted,

**HALEY & OLSON, P.C.**
510 North Valley Mills Drive, Suite 600
Waco, Texas 76710
Telephone:    (254) 776-3336
Telecopier:   (254) 776-6823


By: /s/ *Michael W. Dixon*
       MICHAEL W. DIXON
       State Bar No. 05912100

ATTORNEY FOR DEFENDANT


## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of January, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I hereby certify that this instrument has been served using the CM/ECF system on the following parties:

Frederick deB. Bostwick, III
John S. Hays
Beard Kultgen Brophy Bostwick & Dickson, LLP
220 South 4th Street
Waco, Texas 76706

Thomas J. Blankenship
807 Beverly Cox Drive
Waco, Texas 76705
(also via certified mail)


/s/ *Michael W. Dixon*
Michael W. Dixon

4