IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| THOMAS J. BLANKENSHIP, § § *Plaintiff.* § § v. § § CHARLES BUENGER, BARRY HAND, § STEVE MAUK, CLAY McKINNEY, § BEN SAAGE, DAVID HENDRICK, § BOBBY BAIN, DANNY VOLCIK, § EDDIE COKER, LESLIE CASEY, § J. "ANDY" HAWKINS, CHALK § BLUFF WATER SUPPLY CORP. and § PARNELL McNAMARA, SHERIFF OF § McLENNAN COUNTY, TEXAS, § § *Defendants.* § | | CASE NO.   W-14-CA-474 |

**DEFENDANTS CHARLES BUENGER, BARRY HAND, STEVE MAUK, CLAY MCKINNEY, BEN SAAGE, DAVID HENDRICK, BOBBY BAIN, DANNY VOLCIK, EDDIE COKER, LESLIE CASEY, J. "ANDY" HAWKINS AND CHALK BLUFF WATER SUPPLY CORP.'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE WALTER SMITH:

COMES NOW **CHARLES BUENGER, BARRY HAND, STEVE MAUK, CLAY MCKINNEY, BEN SAAGE, DAVID HENDRICK, BOBBY BAIN, DANNY VOLCIK, EDDIE COKER, LESLIE CASEY, J. "ANDY" HAWKINS** and **CHALK BLUFF WATER SUPPLY CORP**. (collectively, hereinafter "Defendants"), and file this their Motion to Dismiss against **THOMAS J. BLANKENSHIP** (the "Plaintiff") for failure to state a claim upon which relief can be granted, as authorized by FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), and for lack of subject-matter jurisdiction, as authorized by FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1), and would respectfully show unto the Court and

**DEFENDANTS' MOTION TO DISMISS**                                                                           PAGE 1 OF 10
*Thomas J. Blankenship v. Charles Buenger, et al.*

jury as follows:

## I.
## INTRODUCTION

1. Plaintiff sued Defendants alleging that (1) Defendants deprived Plaintiff of due process under the Fifth Amendment and Fourteenth Amendment of the United States Constitution; (2) Section 30.05 of the *Texas Penal Code* is unconstitutional as it applies to Plaintiff; (3) Defendants denied Plaintiff his First Amendment right to freedom of speech; and (4) Defendants committed a civil conspiracy. In his Complaint, Plaintiff did not state a claim upon which relief can be granted. Therefore, the Court should dismiss Plaintiff's suit. Furthermore, this Court lacks subject-matter jurisdiction over Plaintiff's suit.

## II.
## FAILURE TO STATE A CLAIM UNDER 42 U.S.C. § 1983

2. A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not provide fair notice of the claim and does not state factual allegations showing that the right to relief is plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's Complaint does not provide Defendants with fair notice of Plaintiff's claims. *Brooks v. Ross*, 578 F.3d 574, 581-82 (7th Cir. 2009). A complaint that provides only labels and conclusions or naked assertions is insufficient to show grounds for the plaintiff to be entitled to relief. *Iqbal*, 556 U.S. at 678. Plaintiff's Complaint includes a conclusory statement that Defendants are state actors and acting under color of state law as defined in 42 U.SC. § 1983 and the Fourteenth Amendment of the United States Constitution.[1]

### CBWSC, Its Directors, Members and Legal Counsel Are Not State Actors Under 42 U.S.C. § 1983

3. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that the defendant is acting under color of state law. *See Anderson v. Law Firm of Shorty, Dooley, & Hall*, 393

---

[1] Dkt. #1, p.3-4.

Fed. Appx. 214, 217 (5th Cir. 2010) ("To state a claim pursuant to § 1983, a plaintiff must claim a violation of a right secured by the Constitution or laws of the United States and demonstrate that the averred deprivation was committed by a person acting under color of state law.") *Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003). A defendant acts under color of state law "only when exercising power possessed by virtue of state and made possible only because the wrongdoer is clothed with the authority of state law." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). The requirement that the deprivation occur under color of state law is also known as the "state action" requirement. *See Bass v. Parkwood Hosp.,* 180 F.3d 234, 241 (5th Cir. 1999).

4. Defendant Chalk Bluff Water Supply Corporation (the "CBWSC") is a private non-profit water supply corporation, which was organized under Chapter 67 of the *Texas Water Code*. Defendants Barry Hand, Steve Mauk, Clay McKinney, Been Saage, David Hendrick, Bobby Bain, Danny Volcik, Eddie Coker, Leslie Casey, and J. "Andy" Hawkins" are directors and/or officers of CBWSC. Texas law is clear that water supply corporations organized under Chapter 67 of the *Texas Water Code* are not political subdivisions, local governments or governmental agencies. *See City of Combes, Tex. v. E. Rio Hondo Water Supply Corp.*, 244 F. Supp. 2d 778, 781 (S.D. Tex. 2003), *aff'd by* 539 U.S. 955 (2003) (finding that water supply corporations organized under Chapter 67 of the *Texas Water Code* are not "political subdivisions"); *Tarrant Cnty. Water Supply Corp. v. Hurst-Euless-Bedford Indep. Sch. Dist.*, 391 S.W.2d 162, 163 (Tex. Civ. App.—Fort Worth 1965, writ ref'd n.r.e.) (finding that a water supply corporation is not a political subdivision of the State); *see also* Tex. Att'y Gen. Op. No. JM-596 (1986). In fact, Texas courts describe water supply corporations organized under Chapter 67 of the *Texas Water Code* as "apolitical" entities. *Id.* at 783. Consequently, CBWSC is not a governmental entity which acts under color of state law within the meaning of § 1983.

5. Moreover, a private entity, such as CBSWC, will be considered a state actor for § 1983 purposes only in rare circumstances. *See Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992).

There are two ways that a private actor can be considered a state actor for purposes of imposing § 1983 liability. First, the plaintiff can show that the private actor was implementing an official government policy. *See Rundus v. City of Dall., Tex.,* 634 F.3d 309, 312 (5th Cir. 2011). Second, the plaintiff can show that the private entity's actions are fairly attributable to the government. *See Rundus,* 634 F.3d at 312. Plaintiff's Complaint, however, lacks any of the factual allegations necessary to plead state action under either of these tests. Accordingly, Plaintiff has failed to state a claim under 42 U.S.C. § 1983, and the Court should dismiss all of Plaintiff's § 1983 allegations against CBWSC and Defendants Barry Hand, Steve Mauk, Clay McKinney, Been Saage, David Hendrick, Bobby Bain, Danny Volcik, Eddie Coker, Leslie Casey, and J. "Andy" Hawkins.

6.  Likewise, Defendant Charles Buenger, who was legal counsel for CBWSC during the events giving rise to this suit, is not a state actor under 42 U.S.C. § 1983. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 450, 70 L. Ed. 2d 509 (1981). Moreover, Plaintiff has asserted no independent basis for which Defendant Buenger could be held liable as a state actor. Therefore, Plaintiff has similarly failed to state a claim against Defendant Buenger under 42 U.S.C. § 1983, and this Court should dismiss all of Plaintiff's § 1983 allegations against him.

### Plaintiff Was Not Deprived of any Constitutionally Protected Right

7.  There is no constitutionally protected right to attend the meeting of, or be on the premises of a non-profit corporation despite Plaintiff's conclusory allegation that he was deprived of his "right to go to the CBWSC offices and to Board meetings of CBWSC without any due process."[2] Specifically, Plaintiff asserts that he has a protected interest in attending CBWSC Board meetings

---

[2] Dkt. #1 p.10.

and entering the CBWSC premises.[3] To state a claim for a violation of due process under 42 U.S.C. § 1983, a plaintiff must first identify a life, liberty, or property interest protected by the United States Constitution and then identify state action that resulted in deprivation of that interest. *See Blackburn v. City of Marshall*, 42 F.3d 925, 936-37 (5th Cir. 1995). In order for a person to have a constitutionally protected property interest, he "must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972). Property interests are not created by the Constitution; rather, they stem from independent sources such as state statutes, local ordinances, existing rules, contractual provisions, or mutually explicit understandings. *Blackburn v. City of Marshall*, 42 F.3d 925, 936-37 (5th Cir. 1995). Therefore, a person must have a claim for entitlement that is rooted in state law. *Id.* Here, Plaintiff fails to cite any decision of any Texas court, any Texas statute, any administrative regulation, or any ordinance indicating that Plaintiff had any entitlement to attend Board meetings or to enter the CBWSC premises. Plaintiff has not shown that his alleged protected interests are anything more than "a unilateral expectation." *Id.* at 940. Plaintiff's statements constitute conclusory allegations of due process violations. Consequently, the statements are not entitled to an assumption of truth and should be disregarded. *Iqbal*, 556 U.S. at 679 ("A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth).

8. Even assuming, *arguendo*, that Plaintiff has a constitutionally protected property interest in attending CBWSC Board meetings and entering the CBWSC premises, he has not been deprived of due process. Whether due process has been provided in a particular case is a function of whether the remedy provided by the state, whether before or after there has been a deprivation of property, is adequate. *See Kelleher v. Flawn*, 761 F.2d 1079, 1086 (5th Cir. 1985). In the present case,

---

[3] Dkt. #1, p.10-11.

Plaintiff is not without adequate rights or remedies under state law. Plaintiff has a number of rights with respect to CBWSC arising statutorily (or by virtue of his membership in the nonprofit corporation) that may be vindicated through a variety of state law remedies, including a common law action in equity or for declaratory judgment, an action under the Texas Open Meetings Act (Section 551.142 (a), *Texas Government Code)*, or an action under the Texas Public Information Act (Section 552.321, 552.3215, *Texas Government Code*). In fact, Plaintiff asserted these very types of claims in his previously non-suited state court case against Defendants in Cause No. 2014-400-5; *Thomas J. Blankenship vs. Chalk Bluff Water Supply Corporation, et al.,* in the 414th Judicial District Court of McLennan County, Texas. The adequacy of the procedures and judicial relief specified under these laws unquestionably provides Plaintiff with all the process he is due. Any other conclusion radically transforms existing analysis under the due process clause and ignores whether a remedy provided by the state is adequate. Unless there is a showing of the inadequacy of the entire state system to remedy the claimed deprivation, Plaintiff does not have a due process claim cognizable under the due process clause. As the Seventh Circuit stated in *Veterans Legal Defense Fund v. Schwartz*, 330 F.3d 937 (7th Cir. 2003):

> "While a plaintiff is not required to exhaust state remedies to bring a § 1983 claim, this does not change the fact that no due process violation has occurred when adequate state remedies exist. The whole idea of a procedural due process claim is that the plaintiff is suing because the state failed to provide adequate remedies. Therefore, we do not require a plaintiff to pursue those remedies in order to challenge their adequacy, but likewise we do not allow a plaintiff to claim that she was denied due process just because she chose not to pursue remedies that were adequate. Given the availability of state remedies that have not been shown to be inadequate, plaintiffs have no procedural due process claim." *Id.* at 941.

Here, the procedures available to Plaintiff militate against any finding that he has been deprived of his property without due process of law. Accordingly, Plaintiff's allegations do not give rise to any liberty or property interests protected by the United States Constitution. Therefore, this Court should dismiss Plaintiff's due process claims against Defendants.

## III.
## LACK OF SUBJECT-MATTER JURISDICTION

9. The Court should dismiss Plaintiff's remaining claims because (i) Plaintiff lacks standing to challenge the constitutionality of Section 30.05 of the *Texas Penal Code*; and (ii) the Court lack federal question and diversity jurisdiction over Plaintiff's civil conspiracy claim.

**Plaintiff Lacks Standing To Challenge the Constitutionality of Section 30.05 of the *Texas Penal Code***

10. Plaintiff alleges that Section 30.05 of the *Texas Penal Code* is unconstitutional as it applies to Plaintiff. However, Plaintiff does not have standing to bring this claim. *See Little v. KPMG LLP*, 575 F.3d 533, 540-41 (5th Cir. 2009). Plaintiff cannot establish the following elements of standing: (1) injury in fact, (2) causation; and (3) redressability. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-04 (1998). The law is "well settled that a plaintiff who has not been prosecuted under a criminal statute does not normally have standing to challenge the statute's constitutionality." *Johnson v. City of Dallas, Tex.*, 61 F.3d 442, 443-44 (5th Cir. 1995) (citations omitted). Plaintiff has not been prosecuted under Section 30.05 of the *Texas Penal Code*. Plaintiff states, "On December 9, 2013, Plaintiff was given a criminal trespass warning ticket under Section 30.05 of the Texas Penal Code."[4] A warning ticket does not confer standing upon Plaintiff. *See Johnson*, 61 F.3d at 445 (finding that the appellees lacked standing because while "numerous tickets have been issued, we find no indication that any Appellees have been *convicted* of violating the…public ordinance"). Since Plaintiff has not been prosecuted under Section 30.05 of the *Texas Penal Code*, Plaintiff lacks standing to bring this claim. For these reasons, Defendants request that this Court dismiss Plaintiff's claims challenging the constitutionality of Section 30.05 of the *Texas Penal Code*.

11. Moreover, Plaintiff's assertion that Section 30.05 of the *Texas Penal Code* is

---

[4] Dkt. #1, p. 13.

unconstitutional because it does not provide a means for law enforcement to determine superior rights between owners is unfounded on its face and misstates the law. The issue under Section 30.05 is not whether the complainant has *some* right of possession to the property but, instead, is whether the right of the complainant is *greater* than that of another person. *See Arnold v. State*, 867 S.W.2d 378, 379 (Tex. Crim. App. 1993).[5] In fact, Plaintiff actually admits in his Complaint that Defendant Barry Hand is the "manager of CBWSC," thereby acknowledging that Defendant Hand had a greater right of control over the facilities of CBWSC. Because Plaintiff has no basis to allege and has not alleged that he maintains a superior right to possession of the property, Plaintiff lacks standing to challenge the constitutionality of the statute. *See County Court of Ulster County v. Allen*, 442 U.S. 140, 154-55 (1979).

### The Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Civil Conspiracy Claim

12. Plaintiff's remaining claim is an allegation of civil conspiracy.[6] Pursuant to supplemental jurisdiction, a district court may exercise jurisdiction over state law claims that form part of the same case or controversy as the claims over which the court has original jurisdiction. *See* 28 U.S.C. § 1367(a). Otherwise, this Court's jurisdiction is limited to cases arising under the United States Constitution or federal law or cases involving diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332. In this case, the Court lacks subject-matter jurisdiction over Plaintiff's civil conspiracy claim because (1) the claim does not give rise to federal-question jurisdiction; (2) there is not complete diversity between every plaintiff and every defendant; and (3) Defendants have asked this Court to dismiss all other claims over which this Court had original jurisdiction.

13. Although Plaintiff alleged that the Court has federal-question jurisdiction, Plaintiff's

---

[5] The definition of "owner" under the *Texas Penal Code* includes "a person with a greater right of possession than the actor." *See* §1.07(35), *Texas Penal Code*. "Possession means actual care, custody, control or management." *See* §1.07(39), *Texas Penal Code*. "Ownership is not an element of the offense of criminal trespass." *See Langston v. State*, 855 S.W.2d 718, 721 (Tex. Crim. App. 1993).
[6] Dkt. #1, p.16.

civil conspiracy claim does not involve a federal question because Plaintiff's claim does not involve a specific federal statute or a provision of the United States Constitution. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988). Rather, Plaintiff's suit involves a claim for civil conspiracy, which is a state law claim dependent upon proof of an underlying tort. *Tilton v. Marshall*, 925 S.W.2d 672, 680-81 (Tex. 1996). Thus, this Court should dismiss Plaintiff's claim for civil conspiracy based on lack of subject-matter jurisdiction.

14. There is not complete diversity between Plaintiff and Defendants. Specifically, Plaintiff and all Defendants are citizens of the same state. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 352 (5th Cir. 2004); *see* 28 U.S.C. § 1332(a)(1). Thus, this Court lacks subject-jurisdiction over Plaintiff's civil conspiracy claim, and Defendants requests that this Court dismiss the claim.

15. Finally, 28 U.S.C. § 1367(c) favors dismissal of Plaintiff's civil conspiracy claim. *See Gaumond v. City of Melissa, Tex.*, 227 F. Supp. 2d 627, 633 (E.D. Tex. 2002). The district court has wide discretion in determining whether to retain supplemental jurisdiction over state law claims when federal claims are dismissed; however, the district court should avoid making a "needless decision[] of state law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Thus, Defendants request that this Court dismiss Plaintiff's civil conspiracy claim.

## IV.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court dismiss Plaintiff's suit because Plaintiff did not state a claim upon which relief can be granted. Further, Defendants respectfully request that this Court grant Defendants' Motion to Dismiss because this Court lacks subject-matter jurisdiction over Plaintiff's suit. Finally, Defendant request that this Court issue an Order awarding costs of suit to Defendants, and awarding such other and further relief to Defendants as the Court may deem appropriate and just in this matter.

Respectfully Submitted,

**BEARD KULTGEN BROPHY BOSTWICK & DICKSON, LLP**

/s/ Frederick deB. Bostwick, III
Frederick deB. Bostwick, III
State Bar No. 02682500
John S. Hays
State Bar No. 24074380
220 South 4th Street
Waco, Texas 76706
Tel (254) 776-5500
Fax (254) 776-3591
Bostwick@TheTexasFirm.com
Hays@TheTexasFirm.com
www.TheTexasFirm.com

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below by electronic e-filing provided by the courts, U. S. Postal Service Certified Mail Return Receipt Requested and/or facsimile transmission on the 2nd day of February 2015 to the following:

Thomas J. Blankenship
807 Beverly Cox Drive
Waco, Texas 76705

/s/ Frederick deB. Bostwick, III
Frederick deB. Bostwick, III