UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

FILED
JUL 1 6 2015
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| THOMAS J. BLANKENSHIP, § § Plaintiff, § § v. § § CHARLES BUENGER, BARRY HAND, § STEVE MAUK, CLAY McKINNEY, BEN § SAAGE, DAVID HENDRICK, BOBBY § BAIN, DANNY VOLCIK, EDDIE COKER, § LESLIE CASEY, J. "ANDY" HAWKINS, CHALK BLUFF WATER SUPPLY CORP. and PARNELL McNAMARA, SHERIFF OF McLENNAN COUNTY, TEXAS, Defendants. | Case No. 6:14-CV-00474 |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE WALTER S. SMITH, JR.
UNITED STATES DISTRICT JUDGE

This Report and Recommendation is respectfully submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates.

Before the Court is the Motion to Dismiss filed by Defendants Charles Buenger, Barry Hand, Steve Mauk, Clay McKinney, Ben Saage, David Hendrick, Bobby Bain, Danny Volcik, Eddie Coker, Leslie Casey, J. "Andy" Hawkins, and Chalk Bluff Water Supply Corporation [ECF No. 23] and the Motion to Dismiss filed by Defendant Parnell McNamara, Sheriff of McLennan County, Texas [ECF No. 5]. For the reasons stated below, the undersigned

**RECOMMENDS** that the Court **GRANT** Defendants' Motion to Dismiss (ECF No. 23) and Defendant McNamara's Motion to Dismiss (EFC No. 5) pursuant to Fed. R. Civ. P. 12(b)(6) and **DISMISS** this matter in its entirety. The undersigned further **RECOMMENDS** that the Court **DENY** Plaintiff's requested injunctive relief.

## I. BACKGROUND

Plaintiff, an attorney proceeding pro se, filed the instant action pursuant to 42 U.S.C. § 1983 against Charles Buenger, an attorney allegedly acting on behalf of the Chalk Bluff Water Supply Corporation ("CBWSC"), the CBWSC Board of Directors, which includes Barry Hand, Steve Mauk, Clay McKinney, Ben Saage, David Hendricks, Bobby Bain, Danny Volcik, Eddie Coker, Leslie Casey, Andy Hawkins, the CBWSC; and Parnell McNamara, Sheriff of McLennan County, Texas.[1] Plaintiff filed suit alleging: (1) Defendants deprived Plaintiff of due process under the Fifth and Fourteenth Amendments; (2) Title 7, Texas Penal Code § 30.05 is unconstitutional as applied to Plaintiff and his circumstances; (3) Defendants denied Plaintiff his First Amendment right to freedom of speech; and (4) Defendants committed a civil conspiracy. *See* Pl.'s Compl. Plaintiff alleges that all Defendants are "state actors" for purposes of 42 U.S.C. § 1983 and that all Defendants were acting under the color of state law when they deprived Plaintiff of his civil rights. *Id.* at 3-4. Plaintiff seeks damages for actual, economic damages, past and future professional inconvenience, past and future emotional distress, and punitive damages against each Defendant. *Id.* at 18. Plaintiff also seeks an injunction against the CBWSC, the CBWSC Board of Directors, and Defendant McNamara to enjoin them from enforcing the criminal trespass warning previously issued to Plaintiff. *Id.* at 18-19.

Defendants and Defendant McNamara have both filed Motions to Dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to

---

[1] Charles Buenger, the members of the CBWSC Board of Directors, and the CBWSC have filed a joint motion to dismiss and will collectively be referred to as "Defendants" herein. Defendant McNamara will be referred to separately by name.

state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a Response to Defendant McNamara's Motion to Dismiss. Defendant McNamara correspondingly filed a Reply in Support of his Motion to Dismiss.

## II. LEGAL STANDARD

### A. Title 42 *United States Code*, Section 1983

Title 42 U.S.C. § 1983 creates a cause of action against any person who, under color of state law, causes another to be deprived of a federally protected constitutional right. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

Section 1983 was promulgated to prevent a government official's "[m]isuse of power, possessed by virtue of state law and made possible only because the [official] is clothed with the authority of state law." *Johnston v. Lucas*, 786 F.2d 1254, 1257 (5th Cir. 1986); *Whitley v. Albers*, 475 U.S. 312 (1986) (8th Amendment); *Davidson v. Cannon*, 474 U.S. 344 (1986) (14th Amendment); *Daniels v. Williams*, 474 U.S. 327 (1986) (14th Amendment). Section 1983, however, does not grant a cause of action for every action taken by a state official. *Whitley*, 475 U.S. at 319. Two allegations are required to state a cause of action under 42 U.S.C. § 1983. "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Manax v. McNamara*, 842 F.2d 808, 812 (5th Cir. 1988).

## B. Federal Rule of Civil Procedure 12(b)(1)

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject-matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). "Lack of subject-matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The plaintiff bears the burden of proof for a Rule 12(b)(1) motion to dismiss and must establish that statutory subject-matter jurisdiction exists. *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012). In examining a Rule 12(b)(1) motion, the district court is empowered to consider factual matters that may be in dispute. *Crane v. Johnson*, 783 F.3d 244, 251 n.21 (5th Cir. 2015); *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if the court determines that the plaintiff cannot prove any set of facts in support of his claim that would entitle relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (quoting *Ramming*, 281 F.3d at 161) (internal quotation marks omitted). "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Ramming*, 281 F.3d at 161. The court's dismissal of a plaintiff's case for lack of subject-matter jurisdiction is not a determination on the merits and does not prevent the plaintiff from pursuing a claim in a court with proper jurisdiction. *Id.*

## C. Federal Rule of Civil Procedure 12(b)(6)

Upon motion or sua sponte, a court may dismiss an action that fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts all well-pleaded facts as true, viewing them in the light most favorable to the nonmovant. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To survive the motion to dismiss, a nonmovant must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court determines whether the plaintiff has stated both a legally cognizable and plausible claim; the court should not evaluate the plaintiff's likelihood of success. *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Based upon the assumption that all the allegations in the complaint are true, the factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

When the nonmovant pleads factual content that allows the court to reasonably infer that the movant is liable for the alleged misconduct, then the claim is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard, unlike the "probability requirement," requires more than a sheer possibility that a defendant acted unlawfully. *Id.* The pleading standard Rule 8(a)(2) announces does not require detailed factual allegations but demands greater specificity than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. Nor does a complaint comply with the standard if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. Evaluating the plausibility of a claim is a context-

specific process that requires a court to draw on its experience and common sense. *Iqbal*, 556 U.S. at 663-64.

## III. DISCUSSION

Whether a water supply corporation, such as the Chalk Bluff Water Supply Corporation ("CBWSC"), may be deemed a "state actor" for purposes of 42 U.S.C. § 1983 constitutes a question of federal law for the Court to decide. *See Banks v. Dall. Hous. Auth.*, 271 F.3d 605, 608-09 (5th Cir. 2001). Plaintiff Blakenship has the burden to demonstrate that Defendants are "state actors" for the purposes of the § 1983 action as a threshold requirement for the resolution of the dispute. Defendants do not meet that threshold requirement. Therefore, Defendants are not "state actors" for purposes of 42 U.S.C. § 1983, and as such, the Court does not reach the issue of whether Plaintiff has been deprived of a federally guaranteed right under the United States Constitution.

### A. The Defendants Are Not "State Actors" for Purposes of 42 U.S.C. § 1983.

An individual may be properly deemed a "state actor" for purposes of 42 U.S.C. § 1983 when his or her conduct allegedly causes the deprivation of a federally guaranteed constitutional right that can be fairly attributable to the State. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An action is "fairly attributable" to the state when two requirements are satisfied: (1) the deprivation is caused by the exercise of some right or privilege that the state created; and (2) the party charged with the deprivation may fairly be said to be a state actor. *Id.* Because the Defendants were not acting under the color of state law for purposes of 42 U.S.C. § 1983, the Defendants are not "state actors." Accordingly, the Plaintiff should pursue other available state law avenues for relief.

1. **The Defendants Were Not Acting Under the Color of State Law for Purposes of 42 U.S.C. § 1983.**

The traditional definition of "acting under the color of state law" requires that the defendant, in a § 1983 action, exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)). The Supreme Court has firmly held that the civil rights guaranteed by the Constitution cannot be impaired by the wrongful acts of individuals unsupported by State authority. *United States v. Stanley*, 109 U.S. 3, 17 (1883). The evil or wrong perpetrated must rest upon State authority to allow for vindication under 42 U.S.C. § 1983, or the act is simply a private wrong, or a crime of the individual. *Id.*

The Supreme Court analyzes questions of similar stature to the one at hand with a functional analysis, in which the Court examines precisely how the entity at question is treated—rather than merely defined—in the context of the state's pertinent laws. *United States v. Bd. of Comm'rs*, 435 U.S. 110 (1978). In *Slayer Land Co.*, the Supreme Court embraced the functional analysis when considering another 42 U.S.C. §1983 action. *See Salyer Land Co. v. Tulare Lake Basin Water Storage Dist.*, 410 U.S. 719 (1973). The Court held that a water storage district organized under the California Water Code, "although vested with some typical governmental powers," possessed "relatively limited authority" and provided "no other general public services . . . ordinarily financed by a municipal body." *Id.* at 728-29. The Supreme Court ultimately concluded that the water storage district did not exercise "normal governmental authority" upon which to base a § 1983 cause of action. *Id.* at 729 (internal quotation marks omitted).

The Supreme Court has affirmed a legal analysis involving an individual seeking to vindicate civil rights allegedly infringed upon by a Texas water supply corporation. *See City of*

*Combes v. E. Rio Hondo Water Supply Corp.*, 244 F. Supp. 2d 778 (S.D. Tex. 2003), *aff'd*, 539 U.S. 955 (2003). The Court held that a water supply corporation was not a "political subdivision" under Texas law for purposes of the Voting Rights Act of 1965. *Id.* at 780. In regard to the present issue, this Court finds *City of Combes* particularly persuasive. The purpose of the Voting Rights Act—to provide a vehicle by which a citizen may seek redress for infringement on his or her federally guaranteed constitutional right to vote—aligns with the purpose of the civil rights cause of action created under 42 U.S.C. § 1983. *Allen v. State Bd. of Elections*, 393 U.S. 544, 556-7 (1969).

Plaintiff presents two bodies of Texas statutory law to support his proposition that the CBWSC should be labeled a "state actor" for purposes of 42 U.S.C. § 1983. At first glance, both the Texas Water Code, Chapters 15, 16, and 67, and the Texas Government Code, Chapters 551 and 552, appear to lend support to Plaintiff's position; however, the statutes do not ultimately advance Plaintiff's claim. The definitions provided in these bodies of state law do not extend to the purposes of 42 U.S.C. § 1983.

The Texas Government Code defines a "governmental body" as "a nonprofit corporation organized under Chapter 67, Water Code, that provides a water supply or wastewater service, or both, and is exempt from ad valorem taxation under Section 11.30, Tax Code." Tex. Gov't Code § 551.001(3)(K) (Texas Open Government Act); Tex. Gov't Code § 552.003(1)(A)(ix) (Texas Open Meetings Act). This Court and others have acknowledged that, for the purposes of the Texas Open Government Act and Texas Open Meeting Act, a water supply corporation is a "governmental body." *City of Combes*, 244 F. Supp. 2d at 781. However, the Court's legal analysis does not halt with the exact words of the definition. Plaintiff's argument fails upon viewing the statute as a whole to determine the boundaries of the definitions. *Stenberg v.*

*Carhart*, 530 U.S. 914, 998 (2000) ("disregard[ing] all of the statutory language except for the final definitional sentence, thereby violat[es] the fundamental canon of construction that statutes are to be read as a whole").[2] Because each of these definitional sections is preceded by the phrase "In this chapter:" these definitions are constrained to application solely within the bounds of the Government Code. Thus, the terms used to define a water supply corporation are limited to the purposes of the Texas Government Code and may not be comingled with or extended to the statutory language set forth in 42 U.S.C. § 1983.

Moreover, Plaintiff's argument does not avail him under the Texas Water Code. Although "any nonprofit water supply corporation operating under Chapter 67" is defined as a "political subdivision," the statutory phrases "In this chapter:" or "In this subchapter:" precede each definitional section, explicitly limiting the definition. Tex. Water Code § 15.001. Therefore, "[i]t simply cannot be said that that the definitions found in the Texas Water Code provide a basis for regarding water supply corporations as 'political subdivisions' [or 'governmental bodies'] for anything other than the narrow purposes set forth in the Code." *City of Combes*, 244 F. Supp. 2d at 782. Looking further into the text of the Water Code, the relationship between a water supply corporation and a "municipality" or "political subdivision" illustrates their distinguishable purposes and functions. Tex. Water Code § 67.002; *City of Combes*, 244 F. Supp. 2d at 782. The Water Code provides that a corporation may be organized under Chapter 67 to provide: (1) "water supply, sewer service, or both for a municipality, a private corporation, an individual, or a military camp or base; and (2) flood control and a drainage system for a political subdivision, private corporation, or another person." Tex. Water Code § 67.002. The water

---

[2] *See also United States v. Morton*, 467 U.S. 822, 828 (1984) ("We do not . . . construe statutory phrases in isolation; we read statutes as a whole."); *United States v. Heirs of Boisdore*, 49 U.S. 113, 122 (1849) ("In expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy").

supply corporation provides; the municipality and political subdivision receive. *Id.* The distinction drawn between a water supply corporation and these terms that Plaintiff wishes to use to demarcate a water supply corporation as a "state actor" may not be expanded for the purposes of 42 U.S.C. § 1983.

Defendants, as the persons charged with deprivation of Plaintiff's civil rights, may not be fairly labeled "state actors" in this factual scenario because Defendants' actions are not "fairly attributable" to the State. *Lugar*, 457 U.S. at 937. Thorough analysis of the statutory language in the Government Code and the Water Code reveals that the definitions found therein may not be stretched to meet the requirements of a claim pursuant to 42 U.S.C. § 1983. Thus, Defendants were not acting under the color of state law for purposes of 42 U.S.C. § 1983.

### 2. Plaintiff Should Pursue Other Available State Law Avenues for Relief.

When an invasion of the rights of an individual, whether affecting his person, his property, or his reputation, is not conducted under state authority, his rights remain in full force, and may presumably be vindicated by pursuing other available state law avenues for relief. *United States v. Stanley*, 109 U.S. 3, 17 (1883). Although Plaintiff previously instituted his suit in state court, it does not appear that Plaintiff has exhausted all state remedies, as his case was non-suited. Plaintiff should seek other available state law remedies to redress his alleged grievances.

### B. Defendant McNamara Was Not a Direct Cause of the Plaintiff's Alleged Deprivation of Constitutional Rights.

To establish municipal liability against a sheriff, plaintiff must demonstrate that the county's policy or custom was a direct cause of plaintiff's alleged constitutional deprivation. *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995). Municipal liability of this nature "attaches where—and only where—a deliberate choice to follow a course of action is

made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); *Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992). In the case at bar, Plaintiff fails to plead a causal link between the alleged deprivation of his constitutional rights and a policy within the authority of Sheriff McNamara. Therefore, Plaintiff's claims involving Defendant McNamara are dismissed for four reasons: (1) Plaintiff does not have standing to contest the constitutionality of Title 7 Texas Penal Code § 30.05; (2) Plaintiff's alleged deprivation of constitutional rights resulting from the criminal trespass warning are not ripe for judicial review; (3) Title 7 Texas Penal Code § 30.05 is not unconstitutional as applied to Plaintiff and his circumstances; and (4) the Court should deny Plaintiff's request for injunctive relief.

### 1. Plaintiff Does Not Have Standing To Contest the Constitutionality of Texas Penal Code § 30.05.

To invoke the jurisdiction of the federal court, a plaintiff must first satisfy fundamental elements of justiciability, one of which being the requirement of standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Id.* at 560 (citations omitted). To establish Article III standing, a plaintiff must show: (1) an "injury in fact," (2) a sufficient "causal connection between the injury and the conduct complained of," and (3) a "likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 134 S.Ct. 2334, 2341 (2014); *Lujan*, 504 U.S. at 560-61. To satisfy the injury-in-fact requirement, Plaintiff must show "an invasion of a legally protected interest," that is both "concrete and particularized" and "real and immediate," not "conjectural" or "hypothetical." *Lujan*, 504 U.S. at 560. An abstract injury is an insufficient personal stake in the outcome of a

case upon which to base jurisdiction. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).

Here, Defendant McNamara issued Plaintiff a criminal trespass warning on December 9, 2013 pursuant to Texas Penal Code § 30.05. Pl.'s Compl. at 7. Plaintiff attended another CBWSC meeting on February 25, 2014 at which law enforcement deputies verbally instructed Plaintiff that they were authorized to arrest him if he did not vacate the premises. Pl.'s Compl. at 9. Plaintiff heeded the verbal warning and exited the premises. Pl.'s Compl. at 10. Plaintiff alleges this criminal trespass warning effectively banned him from the CBWSC property "forever."[3] However, Plaintiff has not demonstrated an injury-in-fact sufficient to satisfy the requirement of standing. The law is well settled that "a plaintiff who has not been prosecuted under a criminal statute does not normally have standing to challenge the statute's constitutionality." *Johnson v. City of Dallas*, 61 F.3d 442, 444 (5th Cir. 1995). In *Johnson*, the Fifth Circuit held that the U.S. District Court for the Northern District of Texas lacked jurisdiction to issue a preliminary injunction enjoining the City of Dallas from enforcing the Texas criminal trespass statute against the plaintiff. *Id.* at 445. In the absence of a conviction for violating the public ordinance of criminal trespass, Plaintiff does not have standing to contest the constitutionality of Texas Penal Code § 30.05.

### 2. Plaintiff's Alleged Deprivation of Constitutional Rights Resulting from the Criminal Trespass Warning Is Not Ripe for Judicial Review.

Since the early history of the judiciary, the case and controversy doctrine has limited judicial power. *See Marbury v. Madison*, 5 U.S. 137 (1803). The Court has held that Article III "does not extend the judicial power to every violation of the Constitution which may possibly take place, but to 'a case in law or equity' in which a right under such law is asserted in a court

---

[3] Plaintiff urges the Court to "remember that this is a *forever ban*, not just for a month or a year, but *forever*." However, the Court is not persuaded by dramatized indefiniteness in adjudicating this claim. Pl.'s Resp. to Def. McNamara's Mot. at 2, ECF No. 22.

of justice." *Muskrat v. United States*, 219 U.S. 346, 358-59 (1911). In deciding whether an issue is ripe for judicial review, the court examines: (1) the "fitness of the issues for judicial decision;" and (2) the "hardship to the parties of withholding court consideration." *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 733 (1998). The ripeness doctrine is designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Id.* at 732-33.

Here, Plaintiff presents the Court with a slew of speculative scourges that will allegedly occur in the future if the Court does not issue the requested injunctive relief.[4] However, this sketch of conjectural future events offers no concrete basis upon which the Court may base an opinion, as those events have yet to occur. Plaintiff has not been prosecuted, charged, or even arrested under the Texas criminal trespass statute. Plaintiff admittedly states that the purpose of his claim is "to head off such a confrontation prospectively." Pl.'s Resp. to Def. McNamara's Mot. at 2. The law is well-settled that "the normal course of state criminal prosecutions cannot be disrupted or blocked on the basis of charges which . . . amount to nothing more than speculation about the future." *Boyle v. Landry*, 401 U.S. 77, 81 (1971). Plaintiff has not met the burden of demonstrating that the issues before this Court satisfy the ripeness requirement. Therefore, Plaintiff's alleged deprivation of constitutional rights is not yet ripe for judicial review.

### 3. Texas Penal Code § 30.05 Is Not Unconstitutional as Applied to Plaintiff and His Circumstances.

Even assuming *arguendo* that Plaintiff has standing to contest the constitutionality of Texas Penal Code § 30.05, the provision is not unconstitutional as applied to Plaintiff and his circumstances. Section 30.05 of the Texas Penal Code provides, in pertinent part:

---

[4] Plaintiff argues that "the Sheriff would be obligated to arrest Plaintiff, Plaintiff would be incarcerated, and Plaintiff would have to suffer the indignities, embarrassments, and mental distress of being put in jail" if the Court does not offer redress for his complaint. Pl.'s Resp. to Def. McNamara's Mot. at 2.

> (a) A person commits an offense if the person enters or remains on or in property of another, including residential land, agricultural land, a recreational vehicle park, a building, or an aircraft or other vehicle, without effective consent and the person:
> (1) had notice that the entry was forbidden; or
> (2) received notice to depart but failed to do so.

Tex. Penal Code § 30.05(a). Plaintiff's statements in his Complaint fail to present a palpable argument as to why the particular language of this statute resulted in arbitrary enforcement as applied to him. *See* Pl.'s Compl. Plaintiff contends that his membership in the CBWSC confers an "ownership" and argues that, as an "owner" in the property, he should not have been issued the criminal trespass warning. *Id.* However, "ownership is not an element of the offense of criminal trespass." *See Langston v. State*, 855 S.W.2d 718, 721 (Tex. Crim. App. 1993). Plaintiff has not directed to the Court to any federal authority, nor does any exist, prohibiting prosecution for criminal trespass when the trespasser alleges some ownership interest in the property. Therefore, Texas Penal Code § 30.05 is not unconstitutional as applied to Plaintiff and his circumstances.

### 4. The Court Should Deny Plaintiff's Request for Injunctive Relief.

Plaintiff seeks injunctive relief against the CBWSC, the CBWSC Board of Directors, and Defendant McNamara, the Sheriff of McLennan County, to enjoin all parties from enforcing the trespass warning issued to Plaintiff. To obtain the Court's extraordinary injunctive relief, a movant must prove four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction does not issue; (3) that the threatened injury to the movant outweighs any damage the injunction might cause to the opponent; and (4) that the injunction will not disserve the public interest.[5] The failure of a movant to establish one

---

[5] *Barnes v. Moore*, 970 F.2d 12, 14 (5th Cir. 1992); *Atwood Turnkey Drilling v. Petroleo Brasileiro*, 875 F.2d 1174, 1178 (5th Cir. 1989); *Canal Auth. v. Callaway*, 489 F.2d 567, 572-73 (5th Cir. 1974); *see also Univ. of Tex. v.*

of the four elements will result in the denial of the motion for temporary restraining order or preliminary injunction.[6]

In the case before this Court, Plaintiff has not asserted a legally cognizable claim under 42 U.S.C. § 1983 because Defendants are not "state actors" for purposes of § 1983. Since Plaintiff's likelihood of success on the merits is negligible, Plaintiff failed to establish the requisite elements necessary to obtain the Court's extraordinary injunctive relief. Therefore, the Court should deny Plaintiff's request for injunctive relief.

### C. The Court Declines to Exercise Subject-Matter Jurisdiction over the Civil Conspiracy Claim.

Pursuant to 28 U.S.C. § 1367, a district court shall have supplemental jurisdiction over all claims that form part of the same case or controversy under Article III and are related to the claims over which the court has original jurisdiction. *See* 28 U.S.C.S. § 1367(a). However, a district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all other claims over which it has original jurisdiction. *See* 28 U.S.C.S. § 1367(c). Because this Court has addressed and dismissed all of Plaintiff's claims arising under federal law, the only remaining claim is civil conspiracy. Plaintiff pleads the elements necessary for a Texas state law civil conspiracy tort claim; however, in expounding upon the elements with factual allegations, Plaintiff treats the claim as a conspiracy to deprive Plaintiff of his civil rights under 42 U.S.C. § 1983.

To prevail on a §1983 conspiracy claim, "a plaintiff must establish: (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th

---

*Camenisch*, 451 U.S. 390, 392 (1981) (reciting the Fifth Circuit standard for injunctive relief).
[6] *Medlin v. Palmer*, 874 F.2d 1085, 1091 (5th Cir. 1989); *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Miss. Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

Cir. 1990); *Owens v. Bd. of Regents of Tex. S. Univ.*, 953 F. Supp. 781, 791 (S.D. Tex. 1996). A conspiracy claim pursuant to 42 U.S.C. § 1983 is not actionable without an actual violation of § 1983. *Pfannstiel*, 918 F.2d at 1187. Because Defendants are not "state actors" for purposes of 42 U.S.C. § 1983, Plaintiff's civil conspiracy claim pursuant to 42 U.S.C. § 1983 is not actionable. Furthermore, even if Plaintiff intended the Court to review the claim as a state law conspiracy tort claim, this Court declines to exercise subject-matter jurisdiction over the civil conspiracy claim, having dismissed all other federal claims.

## IV. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Court **GRANT** Defendants' Motion to Dismiss (ECF No. 23) and Defendant McNamara's Motion to Dismiss (EFC No. 5) pursuant to Fed. R. Civ. P. 12(b)(6) and **DISMISS** this matter in its entirety. The undersigned further **RECOMMENDS** that the Court

**DENY** Plaintiff's requested injunctive relief.

The parties may wish to file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Commc'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United*

*Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). To the extent that a party has not been electronically served by the Clerk with this Report and Recommendation pursuant to the CM/ECF procedures of this district, the Clerk is directed to send such party a copy of this Report and Recommendation by a national overnight delivery service having confirmation of pickup and delivery.

**SIGNED** this 16th day of July, 2015.

JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE